THE RIGHT WORTHY GRAND ENCAMPMENT OF THE INDEPENDENT ORDER OF ODD FELLOWS, IMPLEADED WITH LEWIS J. TWITCHELL AND WILLIAM G. CUMMINS v. THE FIRST NATIONAL BANK OF STURGIS.

*Corporations—Parol authority to sign note—Exceptions to findings.*

A corporation can give its treasurer parol authority to execute a promissory note in its name.

A party excepting to a finding must make it appear that his exception is well taken. So *held* where the objection was that the facts were found on parol proof duly objected to, and not on certain documents which the party bringing error did not include in the record.

Error to St. Joseph. Submitted Jan. 9. Decided Jan. 13.

ASSUMPSIT. Defendant brings error.

*M. V. & R. A. Montgomery* and *William L. Stoughton* for plaintiff in error.

*D. E. Thomas* for defendant in error. Parol evidence is admissible to prove the acts of a corporation if its official records cannot be produced. Ang. & Ames on Corp., §§ 83, 682.

GRAVES, J. The bank sued on the following paper:

" $860.                    STURGIS, MICH., Dec. 17, 1877.

Ninety days after date I promise to pay to the First National Bank of Sturgis, or order eight hundred sixty dollars at the Ninth National Bank in the city of New York, with interest at ten per cent after maturity, for value received.

RIGHT WORTHY GRAND ENCAMPMENT OF MICHIGAN,
By R. H. MORRISON, Grand Treasurer.
WILLIAM G. CUMMINS
L. J. TWITCHELL."

The encampment, an existing corporation under the laws of this State, pleaded the general issue, and filed a sworn denial of execution of the paper. The other defendants suffered default.

The issue between the bank and the corporation defendant was tried before the circuit judge without a jury, and he allowed a recovery for the amount of the note on special findings which are brought up for review by writ of error.

There is no bill of exceptions and the evidence on which the circuit judge acted is not before us.

The only question possible is whether the facts support the judgment, and we are entirely satisfied they do.

It is suggested that the case fails to establish authority in Morrison to execute the paper, but this is not so. The facts are abundantly sufficient to show authority. It is objected, however, that it appears from the judge's report that the facts in question were found "on parol proof, duly objected to," and on what appeared in and by the printed report or books referred to marked "Exhibit 1."

Were it true that record evidence was required, we cannot say it was not given. The report and books here mentioned are not in the record, and it is incumbent on an excepting party to make it appear that his exception is well taken. But it was competent for the corporation to authorize the treasurer by parol. The point is wholly untenable on many grounds.

The case presents nothing further that deserves comment.

The judgment should be affirmed with costs

The other Justices concurred.